MIGUEL GARCÍA IRIZARRY, Plaintiff and Appellant, *v.* RICARDO PÉREZ IRIZARRY, Defendant and Appellee.

No. 5610. Argued March 9, 1931.—Decided March 12, 1931.

*E. Báez García* for appellant. *José Sabater* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

The appellee moves us to dismiss this appeal and in support of his motion he states that the appellant had elected the method of the preparation of a statement of the case to perfect his appeal and to that end had applied for several extensions and finally filed the same on May 22, 1930; that

the 26th of the same month having been set for the settlement of said statement, the appellant was then granted an extension to August 30, 1930, for filing an amended statement; that after the filing of such amended statement it was set for settlement on October 1 and thereafter for the 14th of the same month, when a further amendment of the statement was ordered and the appellant was granted until the 17th of the same month for filing an amended transcript of record, which he has failed to do, nor has he taken any other steps in regard to the said statement of the case; that in this situation the court has no longer jurisdiction to approve the statement of the case which if presented would not be timely filed; that the appellant had been negligent and has failed to file the transcript of the record in this court; and he exhibited a certificate of the clerk of the district court attesting to the fact of the various extensions granted and of the filing of the statement, that May 26 had been set for the settlement of the statement of the case and then the court granted the plaintiff an extension to August 30th of the same year for filing an amended statement, which was filed; that such amended statement was set for settlement on October 14, on which day an order was made to amend further the said statement and an extension to October 15 was granted for the purpose; that neither on that date nor at any time thereafter has any amended statement been presented or a motion for an extension of time to prepare the same filed or any step taken regarding such statement of the case.

The appellant, in opposing the motion to dismiss the appeal, states that of the several extensions of time granted to him for preparing the statement of the case, four were requested in agreement with the appellee and one by stipulation of the parties; that at the hearing for settling the statement held on October 14, 1930, the defendant, appellee herein, submitted verbally certain amendments and the court made

an order granting him until October 17 for proposing his amendment in writing, which he failed to do either at that time or at any time thereafter; that the transcript of the record has not been filed because it must include the statement of the case, which has not been approved by reason of the appellee's failure to submit his proposed amendments in writing. He attached two certificates from the clerk of the district court containing a copy of the order of the court dated October 14, 1930, which reads as follows:

"The court grants the defendant until Friday, the 17th instant, to submit his amendments in writing."

It likewise appears that the defendant has failed to submit such amendments. It further appears from the said certificates that appellant was granted several extensions of time for the preparation of the statement of the case, of which four were applied for in agreement with the appellee and one pursuant to a stipulation between the parties.

Under such circumstances, which must be within the knowledge of the appellee himself, it is difficult to understand why he has asked for a dismissal of the appeal. The only justification for his motion is probably that, in submitting it, he must have overlooked the true situation in regard to the case.

The motion to dismiss must be denied.